J-S69043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ARTHUR ASKEW, | |
| Appellant | No. 503 MDA 2016 |

Appeal from the PCRA Order March 9, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0000515-1989

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 02, 2016**

Appellant, John Arthur Askew, appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows. On September 8, 1989, a jury found Appellant guilty of two counts of second-degree murder.[1]  Appellant's conviction stems from his participation in a burglary of the home of an elderly couple, during which they were blindfolded, bound and gagged, and eventually starved to death.  On April 4,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(b).

1990, the trial court sentenced Appellant to consecutive mandatory terms of life imprisonment.[2]

On May 2, 1991, Appellant filed his first PCRA petition, and the PCRA court appointed counsel. While the petition was pending, Appellant filed a separate petition seeking to file a direct appeal *nunc pro tunc*, which the trial court granted on August 25, 1992. This Court affirmed the judgment of sentence on May 2, 1994. (**See Commonwealth v. Askew**, 647 A.2d 260 (Pa. Super. 1994)). Our Supreme Court denied Appellant's petition for allowance of appeal on February 22, 1995. (**See Commonwealth v. Askew**, 655 A.2d 982 (Pa. 1995)). On April 26, 1995, the PCRA court denied Appellant's PCRA petition, because the claims raised therein were disposed of on direct appeal. (**See** Opinion and Order, 4/26/95, at unnumbered pages 1-2). Appellant filed a *pro se* second PCRA petition on June 3, 2013, which the PCRA court subsequently dismissed as untimely.

Appellant filed the instant *pro se* PCRA petition on November 4, 2015,[3] averring a right to relief predicated on **Alleyne v. United States**, 133 S.Ct.

---

[2] **See** 18 Pa.C.S.A. § 1102(b).

[3] Appellant's PCRA petition was dated November 4, 2015, and docketed on November 13, 2015. Although this discrepancy does not affect our disposition of this case, we will deem Appellant's petition filed on November 4, 2015, pursuant to the prisoner mailbox rule. **See Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

2151 (2013),[4] and ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015).[5]

(***See*** PCRA Petition, 11/04/15, at 3-4, 8, 15-16, 18, 25 (alleging his mandatory life sentence is illegal pursuant to ***Alleyne*** and ***Hopkins***)). On February 11, 2016, the court issued Rule 907 Notice of its intent to dismiss the petition without a hearing, as untimely. ***See*** Pa.R.Crim.P. 907(1). After consideration of Appellant's response, the court entered its order dismissing the petition on March 9, 2016. This timely appeal followed.[6]

Appellant raises the following questions for our review:

1. Does 42 Pa.C.S. § 9545(b)(1)(i) apply?

2. Does 42 Pa.C.S. § 9545(b)(1)(ii) apply?

---

[4] In ***Alleyne***, the United States Supreme Court held that under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. ***See Alleyne***, ***supra***, at 2158. "The effect of ***Alleyne***'s new rule was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon **non-elemental** facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." ***Commonwealth v. Wolfe***, 140 A.3d 651, 653 (Pa. 2016) (citation omitted; emphasis added).

[5] In ***Hopkins***, the Pennsylvania Supreme Court determined that 18 Pa.C.S.A. § 6317(a)—which imposes a mandatory minimum sentence of two years' imprisonment upon a defendant for a conviction if delivery or possession with intent to deliver a controlled substance occurs within 1,000 feet of, *inter alia*, a school—is unconstitutional in light of ***Alleyne***, and that severance of the violative provisions from the statute is not permissible. ***See Hopkins***, ***supra*** at 249.

[6] The court did not order Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). The court filed an order on April 6, 2016, relying on the prior documents it filed in this case for the reasons for its decision. ***See*** Pa.R.A.P. 1925(a).

3. Does 42 Pa.C.S. § 9545(b)(1)(iii) apply?

4. Has Appellant filed for relief within 60 days of learning new facts as 42 Pa.C.S. § 9545(b)(2) allows?

5. Did **Hopkins** adopt a new retroactive watershed, procedural rule of constitutional law that changed the legal landscape, announced in **Alleyne**?

6. Was Appellant denied his U.S. Constitutional Amendment rights to Due Process and Confrontation when the charging documents failed to notify him of a mandatory sentence?

7. Does 18 Pa.C.S. § 2502(b) fail to provide a classification and grading of the offense as § 2505(c) does and all other criminal statutes are graded and classified as either a felony or misdemeanor 1, 2, or 3? And, is it unconstitutional for failing to meet the Due Process and Confrontation Clauses for failing to put Appellant on notice of the actual charges and punishment against him?

8. Does 18 Pa.C.S. § 1102 fail to provide a classification and grading of § 2502(b) as all other criminal statutes are classified and graded [as] either [a] felony or misdemeanor 1, 2, or 3? And, is it unconstitutional for failing to meet the Due Process and Confrontation Clauses of the U.S. Constitution for failing to put Appellant on notice of the actual charges and punishment against him?

9. Is 42 Pa.C.S. § 9711 unconstitutional for being recodified from 18 P.S. § 1311 which was held unconstitutional by both the PA and U.S. Supreme Court's [sic]? And, is it also unconstitutional for not allowing aggravating factors to be proven beyond a reasonable doubt nor mitigating factors, during trial?

10. In the wake of **Hopkins**, [**Commonwealth v.**] **Secreti**[, 134 A.3d 77 (Pa. Super. 2016)], **Montgomery** [**v. Louisiana**, 136 S.Ct. 718 (2016)], and [**Commonwealth v.**] **Burton**[, 121 A.3d 1063 (Pa. Super. 2015)]; is [**Commonwealth**] **v. Watts**,[ 23 A.3d 980 (Pa. 2011),] erroneous?

(Appellant's Brief, at 8-9).

We begin by addressing the timeliness of Appellant's instant PCRA petition.

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

***Commonwealth v. Brown***, 141 A.3d 491, 499-500 (Pa. Super. 2016) (case citations and some quotation marks omitted).

In this case, Appellant's judgment of sentence became final on May 23, 1995, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Because Appellant filed the instant petition on November 4, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, "it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Here, Appellant concedes that his petition is patently untimely, and he invokes all three exceptions to the PCRA's time-bar based on his reading of *Alleyne* and its Pennsylvania progeny. (*See* Appellant's Brief, at 13, 16). Appellant claims "*Hopkins* adopted a new retroactive procedural rule of

constitutional law that changed the legal landscape[,]" and that "***Hopkins*** created new facts that previously did not exist in PA[.]" (***Id.*** at 28). He avers "[i]n ***Hopkins***[, ***supra***] our [Supreme Court] adopted the [United States Supreme Court's] ***Alleyne***, [***supra***,] decision which created a substantive procedural rule of constitutional law, retroactively applicable on collateral review," entitling him to relief for his illegal mandatory minimum sentence. (***Id.*** at 13; ***see id.*** at 21-22, 24). Although Appellant acknowledges that ***Hopkins*** was issued on June 15, 2015, he explains that he discovered the case on October 16, 2015, and filed his petition within sixty days of that date, on November 4, 2015, rendering his petition timely. (***See id.*** at 13). We disagree.

Appellant's argument fails for several reasons. First, the trial court sentenced Appellant pursuant to 18 Pa.C.S.A. § 1102(b), which mandates that "a person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment." 18 Pa.C.S.A. § 1102(b). Thus, the "fact" that led to Appellant's sentence of life imprisonment was his jury conviction of second-degree murder. The trial court engaged in no fact-finding at sentencing in order to determine the applicability of the life sentence. Therefore, ***Alleyne*** is not applicable in the instant case.

Moreover, a panel of this Court has recently stated, in the context of a facially untimely PCRA petition that:

> Our Supreme Court decided ***Hopkins*** on June 15, 2015; thus, in order to invoke the newly-discovered fact exception of 42 Pa.C.S.A. § 9545(b)(1)(ii)[,] Appellant needed to submit his

PCRA petition within sixty days thereof, not within sixty days of the date upon which he became aware of the decision. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa. Super. 2012) (providing that the sixty-day time period with respect to new decisional law begins to run upon the date of the underlying judicial decision). . . . [Further], the Pennsylvania Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011).

Also, contrary to Appellant's claim, the ***Hopkins*** decision did not announce a "new rule," but rather simply assessed the validity of Section 6317 under ***Alleyne*** and concluded that particular mandatory minimum sentencing statute was unconstitutional. Furthermore, even if ***Hopkins*** had announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that ***Hopkins*** applies retroactively to post-conviction petitioners such as Appellant. Consequently, to the extent Appellant attempts to rely on ***Hopkins***, he has not satisfied the timeliness exception of Section 9545(b)(1).

Finally, assuming that ***Alleyne*** announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012). To the contrary, our Supreme Court recently filed an opinion in ***Commonwealth v. Washington***, 142 A.3d 810, 811, 820 (Pa. 2016) wherein it addressed the retroactive effect of ***Alleyne*** and held "that ***Alleyne*** does not apply retroactively to cases pending on collateral review. . . . " ***Id***. at 820.

***Commonwealth v. Whitehawk***, 2016 WL 4473779, at *3-4 (Pa. Super.

filed Aug. 24, 2016) (some citation formatting provided).

Based on the foregoing, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the exceptions to the PCRA's time-bar. **See Brown**, **supra** at 499-500; **Robinson**, **supra** at 186. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016